# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN STEWART,<br><br>                                      *Plaintiff,*<br><br>           v.<br><br>LLOYD J. AUSTIN, III,<br>*Secretary of Defense*, *et al.*,<br><br>                                      *Defendants.* | CASE NO. 3:22-cv-00043<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

       On August 1, 2022, Plaintiff John Stewart filed a complaint against Defendants Lloyd J. Austin, III, U.S. Secretary of Defense, Theodor Cartwright, Rhett Murphy, Frank Tyler Akers, Jr., and Elizabeth Gayle. Dkt. 1. Plaintiff's complaint includes various federal claims, including hostile work environment and retaliation in violation of Title VII and the ADA, as well as several state law claims.

       Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had ninety (90) days, i.e., until October 31, 2022, to serve Defendants with the complaint and summons. Fed. R. Civ. P. 4(m). On October 13, 2022, the Clerk of Court issued a notice advising Plaintiff that he had not yet served Defendants, and that he had until October 31, 2022 "to notify the Clerk of this Court that service has been accomplished on said defendant(s). Otherwise, the named defendant(s) will be dismissed from the suit without prejudice by Order of this Court." Dkt. 2. The following day, Plaintiff filed proposed summonses, and the Clerk issued summonses directed to Defendants. Dkts. 3–4.

       On October 23, 2022, Plaintiff purported to file proof of service upon Defendant Secretary of Defense Austin. Dkt. 5. On October 31, 2022, Plaintiff purported to file proof of

1

service upon Defendant Cartwright. Dkt. 6. No proofs of service were filed with respect to the other three Defendants (Murphy, Akers, and Gayle).

On November 1, 2022, the Clerk of Court issued another notice, advising Plaintiff that the record did not reflect that he had served Defendants Murphy, Akers, or Gayle. Dkt. 7. The Clerk further advised that Plaintiff had fifteen days "to notify the Clerk of this Court that service has been accomplished on said defendant(s)," "[o]therwise, the named defendant(s) will be dismissed from the suit without prejudice by Order of this Court." *Id.* On November 14, 2022, Plaintiff purported to file proof of service upon Defendants Murphy and Gayle. Dkts. 8–9. He still did not file any proof of service with respect to Defendant Akers.

In January 2023, Defendants filed a motion to dismiss pursuant to Rule 4(m) and 12(b)(5) for insufficient service of process. Dkt. 11. Defendants argued that as of that date, Plaintiff had not served Defendant Akers, and that Plaintiff had also failed to serve the United States Attorney for the Western District of Virginia and the Attorney General of the United States. *Id.* at 2–3. In response, Plaintiff filed a motion to either extend his time to serve Defendant Austin, or to deem service effective. Dkt. 12. Plaintiff argued that on October 23, 2022, Defendant Austin had been duly served because Plaintiff mailed the complaint and summons by FedEx to the Office of the Department of Defense General Counsel—which the Department of Defense had advised was authorized to accept service on Austin's behalf. *Id.* at 2. Plaintiff further stated that "[o]n February 7, 2023, pursuant to Rule 4(i)(2), a copy of the Summons and Complaint was delivered by email and regular mail to Christopher R. Kavanaugh, the United States Attorney for the Western District of Virginia," and to the Assistant United States Attorney of record in this matter. *Id.* at 2–3. Accordingly, Plaintiff requested that the Court "deem service effective" or extend time for service until February 7, 2023. *Id.* at 3.

2

Also on February 7, 2023, Plaintiff filed motions for entry of default against Defendants Cartwright and Gayle. Dkts. 13, 15. Plaintiff further filed a motion seeking to extend the time to serve Defendant Akers, arguing that he had been "unable to locate a viable address for Akers," and that Akers was "being sued for torts committed in his individual capacity outside the scope of his employment with [the Defense Intelligence Agency ("DIA")]." Dkt. 16 at 2.

Defendants filed a response to all the motions, in which they argued that, even "190 days since [Plaintiff] instituted this suit," "he has yet to perfect service of his complaint on any of the Defendants." Dkt. 17 at 1. Defendants note that, whether they are sued in their official or individual capacities, the rules for serving them are the same, as set forth in Rule 4(i) of the Federal Rules of Civil Procedure. Defendants argue that Plaintiff did not correctly serve them, as Plaintiff failed to properly serve either the local United States Attorney's Office or the Attorney General's Office. *Id.* at 3–4.

Rule 4(i)(1) provides that

> (1) **United States.** To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Furthermore, to sue a United States officer or employee in an official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the … officer, or employee." Fed. R. Civ. P. 4(i)(2). Or, if a United States officer or employee is "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee" pursuant to Rule 4. Fed. R. Civ. P. 4(i)(3).

When service of process is challenged, the plaintiff bears the burden of establishing that service was carried out in accordance with Rule 4. *Scott v. Md. State Dept. of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (unpublished, per curiam). Plaintiff's claims against Defendants, on their face, arose in connection with acts or omissions occurred in connection with duties they performed in the course of their employment with the DIA. *See, e.g.*, Compl. ¶ 7 ("Defendants Cartwright, Murphy, Akers and Gayle each worked with Plaintiff at DIA."); *id.* ¶ 14 (challenging Cartwright's issuing Plaintiff a "Letter of Reprimand"); *id.* ¶ 20 (Cartwright "was Plaintiff's first level supervisor and rater"); *id.* ¶¶ 21–35 (other allegations concerning Cartwright); *id.* ¶¶ 36–46 (allegations concerning Murphy); *id.* ¶ 45 ("Akers falsely stated that Plaintiff had work performance issues"); *id.* ¶¶ 45–55 (allegations concerning Akers); *id.* ¶¶ 56–64 (allegations concerning Gayle). Accordingly, whether Defendants were sued in their official capacities or individual capacities (as Plaintiff argues), Rule 4 still required Plaintiff to serve the United States as well as the Defendant officers/employees themselves. Fed. R. Civ. P. 4(i)(2)–(3).

The record demonstrates that Plaintiff has failed to serve the Attorney General of the United States, which Rule 4(i)(1)(B) requires in order to perfect service upon the United States.

No proof of service demonstrated service upon the Attorney General.* *See* Dkts. 5, 6, 8, 9, 14, 20. Nor did Plaintiff ever argue that he had served the Attorney General. *See* Dkts. 12, 16, 20. Thus, Plaintiff failed to properly serve Defendants in accordance with Rule 4(i)(1). This defect in service has stood uncorrected notwithstanding the fact that Defendants alerted Plaintiff to this defect of service in January 2023. *See* Dkt. 11. Indeed, a substantial amount of time has passed since Defendants first raised the defect in service. Nonetheless, since then, Plaintiff has failed to attempt to serve the Attorney General or seek leave to do so. In none of his later filings has Plaintiff ever attempted to remedy the defect in service by serving the Attorney General, or by requesting additional time to serve the Attorney General. *See* Dkts. 12, 13–16, 20. And, to the extent that Plaintiff has asked the Court to "deem service effective" upon any of the Defendants, Dkt. 12 at 1; Dkt. 16 at 2, the Court will not do so because Plaintiff has failed to properly serve them in accordance with Rule 4(i)(1). Moreover, while Plaintiff argues that service was proper under Va. Code § 8.01-296(2)(b), which provides for substituted service, *see* Dkt. 14-1, that rule is no substitute for Rule 4(i)'s requirements for service upon the United States.

In addition, Plaintiff's motions for entry of default against Defendants Cartwright and Gayle must also be denied. "It is axiomatic … that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant." *Henderson v.*

---

* Defendants also argue that service was improper on account of Plaintiff's failure to properly serve the U.S. Attorney's Office in the Western District of Virginia—which Plaintiff attempted to do by email and regular mail to the U.S. Attorney and an Assistant United States Attorney. Dkt. 12 at 2–3. Defendants have responded that no copy of the complaint and summons had been delivered to the Western District U.S. Attorney's Offices to date, and that the Office had not consented to service of process by email. Dkt. 17 at 3. Plaintiff, for his part, has not provided proof of service upon the U.S. Attorney's Office *either* by email or regular mail, nor provided proof that the Office had consented to service by email. Plaintiff therefore has not shown that service upon the U.S. Attorney's Office complied with Rule 4(i)(1)(A). In any event, even if he had, there is no evidence that he served (or tried to serve) the Attorney General of the United States, and that latter failing is dispositive in any respect.

*L.A. Cty.*, No. 5:13-cv-635, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 3, 2013) (internal quotation marks omitted). Again, because Plaintiff did not serve the Attorney General, Plaintiff failed to properly serve Cartwright and Gayle (as well as the other three Defendants), and therefore Plaintiff's motions for entry of default must be denied. Dkts. 13, 15; *Jackson v. DeJoy*, No. 3:22-cv-21, 2022 WL 3268964, at *1 (W.D.N.C. Aug. 10, 2022) (denying motion for entry of default against Postmaster General because plaintiff "had not provided proof of service of the summons and complaint on the United States attorney's office or the Attorney General of the United States, as required by Rule 4(i)," and thus "he failed to show proper service of process on the Defendant"); *Scott v. Dist. of Columbia*, 589 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process.").

Finally, to the extent that Plaintiff has sought more time to effect service, Dkts. 12, 16, he has already had more than sufficient time to try to do so. He has had much more than 90 days to attempt to perfect service. Yet, notwithstanding Defendants' arguments identifying how service was improper, Plaintiff has not taken the necessary steps to correct service, nor sought additional time to correct those specific failings in service—failure to properly serve and show proof of service upon the Attorney General (and U.S. Attorney's Office). Plaintiff has not attempted to show, much less shown, good cause excusing his failure to comply with the relevant rules of service. *See* Fed. R. Civ. P. 4(m) (providing that if a plaintiff "shows good cause for the failure" to effect service, the Court "must extend the time for service"). Further still, even absent a showing of good cause, Plaintiff has not advanced any argument that would warrant an exercise of this Court's discretion to permit an additional time to serve Defendants by perfecting service on the Attorney General. *See Gelin v. Shuman*, 35 F.4th 212, 214 (4th Cir. 2022) (providing that "Rule 4(m) confers discretion on district courts to extend the time for service even when good

cause has not been shown"). Nor will the Court afford Plaintiff relief that he has not sought himself, notwithstanding the fact that he had been on notice of this defect in serving the United States. *See* Fed. R. Civ. P. 4(i)(4).

At bottom, Plaintiff has not properly served Defendants; the deadline for service has long since expired; and Plaintiff has not advanced (much less demonstrated) a reason for the failure in service; and thus, the Court "must dismiss the action without prejudice …." Fed. R. Civ. P. 4(m). For these reasons, in an accompanying Order, to follow, Defendants' motion to dismiss will be granted; Plaintiff's motions for entry of default will be denied; and Plaintiff's motions for extension of time to serve Defendants will be denied.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this  19t  day of September, 2023.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE