CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 19, 2024
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
   DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| JOHN C. STEWART,<br><br>                      *Plaintiff,*<br><br>      v.<br><br>LLOYD J. AUSTIN, III,<br>*Secretary of Defense*, *et al.*,<br><br>                      *Defendants.* | CASE NO. 3:22-cv-00043<br><br>**MEMORANDUM OPINION<br>& ORDER**<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on Plaintiff's motion to reopen the case. The Court had previously dismissed the case, following Plaintiff's failure to timely serve Defendants. Plaintiff, now represented by new counsel, asks the Court to reconsider dismissal, and extend the time for service of the summonses and complaint for thirty more days, pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons, the Court concludes that the motion to reopen shall be granted. Dkt. 24.

      Some background is relevant to the motion, drawn from this Court's prior decision dismissing the case. *See* Dkt. 21. On August 1, 2022, Plaintiff, through his prior counsel, filed a nine-count complaint against Defendant Lloyd Austin, the Secretary of Defense, and the several other Defendants-federal employees. Dkt. 1. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had ninety (90) days, i.e., until October 31, 2022, to serve Defendants with the complaint and summons. Fed. R. Civ. P. 4(m).

      On October 13, 2022, the Clerk of Court issued a notice advising Plaintiff that he had not served Defendants, and that he had until October 31, 2022 "to notify the Clerk of this Court that service has been accomplished on said defendant(s). Otherwise, the named defendant(s) will be

dismissed from the suit without prejudice by Order of this Court." Dkt. 2. The following day, Plaintiff, through his prior counsel, filed proposed summonses, and the Clerk promptly issued the summonses directed to the Defendants. Dkts. 3–4.

On October 23, 2022, Plaintiff, through his prior counsel, purported to file proof of service upon Defendant Secretary of Defense Austin. Dkt. 5. Then, on October 31, 2022, Plaintiff purported to file proof of service upon Defendant Cartwright. Dkt. 6. No proofs of service were filed with respect to the other three Defendants (Murphy, Akers, and Gayle).

On November 1, 2022, the Clerk of Court issued another notice, advising Plaintiff that the record did not reflect that he had served Defendants Murphy, Akers, or Gayle. Dkt. 7. The Clerk further advised that Plaintiff had fifteen days "to notify the Clerk of this Court that service has been accomplished on said defendant(s)," "[o]therwise, the named defendant(s) will be dismissed from the suit without prejudice by Order of this Court." *Id.* On November 14, 2022, Plaintiff, through his prior counsel, purported to file proof of service upon Defendants Murphy and Gayle. Dkts. 8–9. He still did not file any proof of service with respect to Defendant Akers. On January 23, 2023, Defendants filed a motion to dismiss pursuant to Rule 4(m) and 12(b)(5) for insufficient service of process, arguing that Plaintiff never served Defendant Akers and had also failed to serve the United States Attorney for the Western District of Virginia and the Attorney General of the United States. Dkt. 11 at 2–3.

In response on February 7, 2023, Plaintiff, through prior counsel, filed a motion to either extend his time to serve Defendant Austin or to deem service effective. Dkt. 12. Plaintiff's counsel wrote that he had mailed a summons and copy of the complaint to the Office of the Department of Defense General Counsel, and had also emailed and sent by regular mail the summons and complaint to the United States Attorney for the Western District of Virginia, and to the Assistant United States Attorney of record. *Id.* at 1–3. That same day, he also filed

2

motions for entry of default against Defendants Cartwright and Gayle. Dkts. 13, 15. And he filed a motion seeking to extend the time to serve Defendant Akers, writing that he had been "unable to locate a viable address for Akers." Dkt. 16 at 2. Defendants filed a reply on February 9, in which they continued to assert that Plaintiff had not properly served either the local United States Attorney's Office or the Attorney General. Dkt. 17 at 3–4. Finally, on June 26, 2023, Plaintiff, through his prior counsel, filed a "notice of service of process on Defendant Austin," in which he reiterated that service was purported completed on the U.S. Attorney's office "by email and regular mail," and that he received proof of service by certified mail upon Secretary Austin. Dkt. 20 at 1–2; Dkt. 20-1 at 2. The notice, again, included no information regarding service upon the Attorney General.

The Court entered a Memorandum Opinion and Order dismissing Plaintiff's case for failure to properly and timely serve Defendants. Dkts. 21, 22. Plaintiff had failed to timely serve the Attorney General of the United States, as well as the U.S. Attorney's Office in the Western District of Virginia, as Rule 4(i)(1)(A)-(B) requires. Dkt. 21 at 4–5. The Court also denied Plaintiff's motion for default judgment against Defendants Cartwright and Gayle, and denied Plaintiff's attempt to seek more time to serve Defendants. *Id.* at 6–7.

Within 28 days of the Court's decision, Plaintiff, now represented by new counsel, filed a motion to substitute counsel and a motion for reconsideration of the Court's order of dismissal. Dkts. 23, 24.[1] Plaintiff sought reconsideration and reopening of the case pursuant to Rule 59(e) and Rule 60(b). Dkt. 24 at 1. Plaintiff further argued that an extension in time was warranted pursuant to Rule 4(m) to serve Defendants. *Id.* at 6. Defendants opposed the Plaintiff's motion,

---

[1] United States Magistrate Judge Joel C. Hoppe granted Plaintiff's motion to substitute counsel. Dkt. 27.

and Plaintiff filed a reply in further support of the motion. Dkts. 25, 26. The matter is now fully briefed and ripe for disposition.

A district court has discretion to grant a Rule 59(e) motion "only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks omitted). A motion to alter or amend a judgment under Rule 59(e) must be made within 28 days of entry of judgment. Fed. R. Civ. P. 59(e).

A party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After that threshold showing is met, the movant must satisfy one of the six specific sections in Rule 60(b), which are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The party seeking relief pursuant to Rule 60(b) must "clearly establish the grounds therefor." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). Rule 60(b) is an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *LHF Prods., Inc. v. Dash Food Mart*, No. 5:16-cv-27, 2019 WL 1290899, at *2 (W.D. Va. Mar. 20, 2019) (quoting *In re A.H. Robins Co.*, No. 98-1893, 1998 WL 904717, at *1 (4th Cir. Dec. 29, 1998) (unpublished)).

Plaintiff contends that reconsideration of dismissal is warranted both "to prevent manifest injustice," Fed. R. Civ. P. 59(e), and on the basis of "mistake" and "excusable neglect," Fed. R. Civ. P. 60(b). Plaintiff primarily argues that his "inability to effect proper service,

through Former Counsel, is attributable in large part to Former Counsel's debilitating health complications that ultimately led to Former Counsel entering a vegetative mental and physical state and being unable to practice law and effectively represent Plaintiff's interests in the matter." Dkt. 24 at 10–11. Plaintiff asserts, without contradiction, that "sometime in 2023, Former Counsel began experiencing various health complications effecting his ability to provide Plaintiff with competent legal counsel and which ultimately resulted in a stroke." *Id.* at 5. Then Former Counsel's health "deteriorated drastically," and he is "currently in a vegetative state and unable to practice law." *Id.* Plaintiff further attests that on September 28, 2023, he retained new counsel to represent his interests and to reopen this case if able. *Id.* Plaintiff's new counsel filed a motion to substitute counsel and this reconsideration motion within weeks of being retained (and within 28 days of the Court's decision dismissing this case). *Id.*[2]

The Court finds that Plaintiff has shown this situation falls within the "very narrow circumstances" supporting relief under Rule 59(e) of the Federal Rules of Civil Procedure, namely, to prevent "manifest injustice." *See Hill*, 277 F.3d at 708. The Court further finds that Plaintiff has demonstrated the presence of a "mistake" and "excusable neglect" sufficient to constitute "exceptional circumstances" warranting relief from this Court's order dismissing this action under Rule 60(b)(1) and (b)(6). *See* Fed. R. Civ. P. 60(b)(1), (6). The Fourth Circuit has explained that, "[w]hen the party is blameless and the attorney is at fault," "a default judgment should ordinarily be set aside." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). The law contrasts those circumstances with a situation when "the party is at fault," in which case the party "must adequately defend its conduct in order to show excusable neglect." *Id.*; *see also McKesson Med.-Surgical, Inc. v. Flower Orthopedics*

---

[2] As a result, Plaintiff's Rule 59(e) motion is timely.

*Corp.*, No. 3:17-cv-631, 2018 WL 944375, at *8 (E.D. Va. Feb. 16, 2018) (explaining that, "when a defaulting party is not primarily responsible for the default, its attorney's negligence can still be excusable neglect").

In 2023, Plaintiff's former counsel suffered a sharp decline in health, resulting in his falling into a comatose state rendering him unable to practice law. Dkt. 24 at 5, 11.[3] The Court was unaware of Plaintiff's former counsel's health decline at the time of its decision dismissing this case for failure to timely serve Defendants. Dkts. 21, 22.[4] Defendants argue that there is "no evidence" Plaintiff's former counsel's incapacity had any impact on his failure to properly serve the complaint. Dkt. 25 at 5. Yet, upon its review of the record, the Court cannot discount the very real likelihood that Plaintiff's former counsel's sharp decline in health detrimentally and materially impacted his representation of Plaintiff well before he ultimately fell into a coma. Plaintiff's former counsel's most recent filings in this case[5] were cursory at best, do not reflect any substantive legal analysis, and, inexplicably, kept arguing service was proper notwithstanding counsel's failure to serve the Attorney General. *See* Dkts. 15, 16, 20; *see also* Dkt. 21 at 4–5; Fed. R. Civ. P. 4(i)(1)(B). Plaintiff's former counsel's precipitous health decline positions this case differently than others in which the Fourth Circuit has taken a harsher view

---

[3] The Virginia State Bar has subsequently suspended his license to practice law on impairment grounds. Mem. Order of Impairment Suspension, VSB Docket No. 24-000-130241, https://vsbwebstorage.blob.core.windows.net/$web/actions/Biss%E2%80%9302142024.pdf (last visited Aug. 18, 2024).

[4] The Court was subsequently made aware of Plaintiff's former counsel's failing health a week later in a different case. *See Malone v. Breggin*, No. 3:22-cv-63, Dkt. 58 (Sept. 25, 2023) (filed under seal).

[5] The Court finds more probative Plaintiff's former counsel's filings in this case, where he was sole counsel of record, rather than the other cited cases where he was one of numerous counsel. *See* Dkt. 25 at 4 n.4; *see also Trump Media & Tech. Grp. Corp. v. WP Company, LLC*, Docket, No. 8:23-cv-1535 (M.D. Fla. filed July 10, 2023).

on mere "attorney inattentiveness." *See Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010). Moreover, the Court finds unpersuasive Defendants' argument that Plaintiff personally should bear responsibility for the failure of his ailing lawyer, to properly comply with the intricacies of service set forth in the Federal Rules of Civil Procedure. Nor can the Court ignore that the law accords a "strong preference" that courts to resolve cases on the merits, when possible and supported by law. *Colleton Prep. Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 417, 417 (4th Cir. 2010) (expressing its "strong preference" that "defaults be avoided and that claims and defenses be disposed of on their merits").

Plaintiff's new counsel has acted with dispatch and ably sought to afford Plaintiff an opportunity to press forward his claims. Finding (1) Plaintiff largely if not wholly blameless with respect to his prior counsel's failure to properly effect service; (2) Plaintiff's former counsel suffered a precipitous health decline resulting in his incapacity in a comatose state, and that such health decline could have prompted or at minimum likely began to occur coextensively with counsel's failure to effect service earlier in the year; (3) Defendants will have suffered no or little marginal prejudice should the Court grant relief and reopen the case; and (4) noting the law's preference that claims and defenses be decided whenever possible on the merits, the Court therefore concludes that Plaintiff's new counsel has demonstrated exceptional circumstances supporting an entitlement to relief under Rule 60(b), as well as to prevent "manifest injustice" under Rule 59(e).

These same reasons support "good cause" to warrant an extension of time to properly effect service. *See* Fed. R. Civ. P. 4(m). Even if good cause were not shown—and it was—the Court would afford a modest extension of time to effect service in the exercise of the Court's discretion. *See Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) ("Rule 4(m) confers discretion on district courts to extend the time for service even when good cause has not been

shown"). Accordingly, Plaintiff shall have **THIRTY (30) DAYS** from the issuance of this Memorandum Opinion & Order to properly effect service on the Attorney General and any remaining Defendants.

Plaintiff's motion to reconsider is **GRANTED**. Dkt. 24. The Clerk is directed to **REOPEN** this civil action. Furthermore, because the Court held a hearing on the motion following counsel's request, Plaintiff's motion for a hearing also hereby was and shall be deemed **GRANTED**. Dkt. 28.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

ENTERED this 19th day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE